**STATE OF CALIFORNIA, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**Feather River Railway Company, Defendant in Intervention.**

**Civ. No. 43117.**

United States District Court
N. D. California, S. D.

Nov. 5, 1965.

Motion to Vacate Order Denied
May 27, 1966.

Thomas C. Lynch, Atty. Gen. of State of California, F. G. Girard, Iver E. Skjeie, Deputy Attys. Gen., Sacramento, Cal., B. Abbott Goldberg, Chief Deputy Director, State Department of Water Resources, Sacramento, Cal., John F. Donelan, John M. Cleary, Washington, D. C., for plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen., John H. D. Wigger, Attorney, Department of Justice, Washington, D. C.,

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for United States of America.

Robert W. Ginnane, General Counsel, Leonard S. Goodman, Asst. General Counsel, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

McCutchen, Doyle, Brown, Trautman & Enersen, William W. Schwarzer, San Francisco, Cal., for Feather River Ry. Co.

Before BROWNING, Circuit Judge, and WOLLENBERG and ZIRPOLI, District Judges.

PER CURIAM.

In consolidated proceedings before it,[1] the Interstate Commerce Commission, Division 3, on January 16, 1964, entered its report and order and issued its certificate, the pertinent provisions of which provide:

*It is hereby certified,* That, subject to the conditions for the protection of railway employees and other conditions referred to in the report of the said division, the present and future public convenience and necessity (1) permit the abandonment by the Feather River Railway Company of a portion of its line of railroad between Land and Craig; (2) require the Feather River Railway Company to acquire and operate, or to operate a line of railroad to be constructed by said State of California between Craig and Palermo; (3) require the Feather River Railway Company to operate the former line of railroad of the Western Pacific Railway Company and any facilities provided by the State of California in substitution therefor, between Land and Intake; and (4) permit the abandonment by the Feather River Railway Company of the operation of said line of railroad between Land and Intake, all

[1] Finance Docket No. 22060, Feather River Railway Co. Abandonment, Acquisition and Operation Butte County, Calif.; Finance Docket No. 22138, State of California Abandonment Feather River Railway Co.; and Finance Docket No. 22409, Feather River Railway Co. Operation in Butte County, Calif.

in Butte County, Calif., as described in the reports aforesaid;

*It is ordered,* That the abandonments herein permitted shall not be accomplished until the operation authorized over the new line to be constructed by the State of California between Craig and Palermo has been commenced.

The petition of the State of California seeking to reopen and for further hearing and reconsideration of the aforesaid report, order and certificate of Division 3 was denied by the Commission on November 16, 1964.

After hearing in open court on plaintiff's motion for summary judgment and the defendants' motion to dismiss the complaint, the parties to this cause entered into the following stipulation on July 2, 1965:

The parties to the above-entitled proceeding, including the United States of America, Interstate Commerce Commission, State of California, and the Feather River Railway Company, by their undersigned counsel, hereby stipulate and agree to the following matters:

1. The Commission's report, order, and certificate herein do not determine whether Railway is entitled to operate over lands owned by the Federal Government; and in making said report and order, and in issuing said certificate, the Commission assumed the validity of the final departmental decision of the Department of the Interior, 71 Int. Dec. 415 (1964).

2. The State or the United States are not precluded by the Commission's report, order, and certificate from ejecting Railway from federal lands withdrawn for power purposes over which Railway is now operating; nor is the United States precluded by said report, order, and certificate from ejecting Railway from other federal lands which Railway no longer has a right to occupy; and an abandonment certificate issued by the Commission under Section 1(18) of the Interstate Commerce Act is not a prerequisite to the ejectment of the Railway from any of said lands.

3. A cessation of operations over Railway's line caused by inundation of the line as a result of the construction, operation, or maintenance of Oroville Dam and Reservoir is not an abandonment within the meaning of Section 1(18) of the Interstate Commerce Act; and an abandonment certificate issued by the Commission under Section 1 (18) of the Interstate Commerce Act is not a prerequisite to such cessation of operations of the Railway.

4. The Commission found that the revenues from the relocated line could not be predicted with any degree of certainty, but it held in effect that public convenience and necessity require the relocation whether or not the cost of relocation can be justified in terms of the return to Railway from the relocated line.

5. The Commission's report, order, and certificate are based on the assumption that the State will bear the cost of relocation.

6. No decision was made by the Commission as to whether public convenience and necessity would warrant relocation if the Railway were required to pay the cost of relocation.

7. Among their various points of disagreement the parties disagree as to whether the Commission's report, order, and certificate have any effect, and if so what effect, on the obligation, if any, of the State to relocate the Railway's line or to pay for such relocation; and the parties further disagree whether the Commission must authorize abandonment without relocation when the Commission finds that the revenues over the relocated line cannot be predicted with any degree of certainty.

As the above stipulation clearly indicates, the report, order and certificate of the Commission are based upon the assumption that the State of California will bear the cost of relocating the new line of the Railway between Craig and Palermo, California. Provisions 1 through 6 of the stipulation are adopted as findings and conclusions of this Court. The Court resolves the disagreement of the parties expressed in provision 7 of the stipulation, as follows:

1. The report, order and certificate do not determine whether the State is obligated, and have no binding effect on the obligation, if any it has, of the State to relocate the Railway line or pay for the cost of relocation;

2. There is substantial evidence in the record before the Commission to support its authorization for abandonment with relocation, even though the Commission found that the revenues over the relocated line cannot be predicted with any degree of certainty.

The report, order and certificate of the Commission is predicated upon a condition precedent, the payment by the State of the cost of relocating the Railway line, which may or may not take place. This condition precedent presents the question of whether or not California Water Code, section 11590 imposes any obligation on the State to relocate the Railway line or pay for the cost of relocation. This is a question over which the Commission has no jurisdiction. So long as the Federal Power Commission's power or jurisdiction is not curtailed, it is purely a State question; however, the fact that the report, order and certificate of the Commission are subject to the condition that the State relocate the line and/or pay the cost thereof and are therefore hypothetical in character does not invalidate the same.

Giving the report, order and certificate the effect above indicated, and no more, the Court concludes that the holding of the Commission that public necessity and convenience require relocation is supported by substantial evidence, is not arbitrary, and therefore must be and is sustained.

The Court, having had the entire record before it and having affirmed the report, order and certificate of the Commission, now directs that plaintiff's motion for summary judgment be denied and that the action be dismissed.